Elizabeth P. Shannon et al., Appellants, v. William O. Bartholomew et al., Appellees.

Filed March 20, 1909.   No. 15,485.

1. Eminent Domain: Appraisement: Notice.  A notice to the owners of land sought to be condemned for park purposes stated that the appraisers apointed to view the land and assess the damages would meet at 2 o'clock P. M. on a certain day and commence their view across Nineteenth street from Kountze park, within the corporate limits of the city, and after viewing the property and hearing interested parties would adjourn to room 200, Omaha National Bank building, where the business would be proceeded with until completed.  *Held*, That the notice was sufficiently definite and certain as to the time and place of meeting.

2. ———: ———.  The Omaha city charter of 1905 provided that, in appropriating lands for park and other purposes, three appraisers should be appointed by the city council, except that, in cases where land of the value of $50,000 or more was to be taken, five appraisers should be appointed.  *Held*, That, as a preliminary step in the appointment of appraisers, the council must exercise its own judgment as to the value of the land to be taken, and, if but three appraisers were appointed and their report showed the land to be of the value of $50,000 or more, a second appraisement by five appraisers must be had, but that the appraisement made by the five appraisers would be valid regardless of the value found by them.

3. Cities: Park Commissioners: Appointment: Validity of Acts.  One section of a city charter provides for the appointment of the members of the park board by the judges of the district court of the judicial district in which the city is located.  In a case determined by this court it was held that the statute directing the appointment to be made by the district judges was unconstitutional, and that the park board should be appointed by the mayor and city council under another section of the charter.  *Held*, That a park board whose members were appointed by the mayor and city council were invested with all powers vested in park boards by the charter, and that it had authority to designate the real estate deemed desirable for park purposes.

Appeal from the district court for Douglas county: Howard Kennedy, Judge.  *Affirmed.*

*Richard S. Horton,* for appellants.

*H. E. Burham* and *I. J. Dunn, contra.*

DUFFIE, C.

Chapter 12*a,* Comp. St. 1905, contains the charter of metropolitan cities, and section 57 embraces, among others, the following provisions: "It shall be the duty of the mayor and council to take such action as may be necessary for the appropriation of the lands, lots or grounds designated by said park board, the power to appropriate lands, lots or grounds for such purpose being hereby conferred on the mayor and council." Some time previous to the commencement of this action the park board designated certain real estate in the city of Omaha as desirable for park purposes, and the mayor and council, after passing a proper ordinance, appointed William O. Bartholomew, Frank B. Kennard and Martin Dunham as appraisers to view and appraise the value of said real estate. Thereupon the appraisers served written notice upon the plaintiffs herein, as the owners and parties interested in said land, that said appraisers "will, on the 16th day of February, 1906, at the hour of two o'clock in the afternoon, upon the property described in said ordinance to begin across Nineteenth street from Kountze park, within the corporate limits of said city, meet for the purpose of considering and making the assessment of damages to the owners of the property, and parties interested in the property, respectively, by reason of such taking and appropriation, as declared necessary by said ordinance, which meeting, after viewing the property affected by said appropriation and hearing the parties interested, who may desire to be heard, will be adjourned to room 200, Omaha National Bank building, in said city of Omaha, where the business of the board of appraisers and freeholders will be proceeded with until completed, and for this purpose may adjourn from day to day." The notice

also contained a description of the property to be appraised and appropriated for park purposes. Prior to the meeting of the appraisers the plaintiffs secured a temporary writ enjoining the appraisers, the city of Omaha and its officers from appropriating or taking any steps toward the appropriation of the property; and this injunction upon the final hearing was dissolved and the plaintiffs' bill dismissed. From this judgment the plaintiffs have appealed.

Section 142 of the charter of metropolitan cities makes it the duty of the mayor and council to appoint three disinterested freeholders to assess the damages to the owners of property appropriated by the city for park purposes, and, in case the property sought to be taken is of the value of $50,000 or more, then five appraisers are to be appointed. The appraisement is to be reported to the city council, and, if the same is confirmed, the damages assessed, if less than $50,000, shall be paid to the owners of the property. If the assessment is not confirmed by the council, further proceedings may be taken and a new assessment had. Where the property is valued at $50,000 or more, and the report of the five appraisers is confirmed by the council, the proposition to appropriate the land and pay the damages must be submitted to a vote of the electors of the city at a general or special election.

It is first contended that the property sought to be appropriated is of value of $80,000, and that three appraisers have no jurisdiction to assess the damages. It is evident that the city council must, in the first instance, as a preliminary step to the appointment of the appraisers, determine the value of the property sought to be taken. If in the judgment of the council the property is of the value of $50,000 or more, then five appraisers must be appointed. If but three are appointed, and they report the value of the property at $50,000 or more, it is evident that a second appraisement by five appraisers must be had, and their report upon the value of the prop-

èrty, whether they place it at $50,000 or less, would seem
to be valid so far as the appraisement is concerned, as
there is no prohibition in the charter againstt accepting the
report of five appraisers, even though they fix the value
of the property at less than $50,000. We discover no
error in the proceedings of the council in the appoint-
ment of but three appraisers; the question of the value
of the property being left with the city council in the
first instance. That the owners of the property sought to
be taken for a public use are entitled to notice and to a
hearing by the persons or board appointed to assess their
damages is fundamental law.

The second complaint urged by the plaintiffs is that
they were denied this right, in that the notice given them
was not sufficiently definite as to the place of meeting.
The objection is, we think, without merit. The apprais-
ers were to meet at 2 o'clock P. M. on the 16th day of
February, 1906, and the meeting was to be on the prop-
erty and to begin across Nineteenth street from Kountze
park. The time of the meeting was definitely fixed, and
the place of meeting described with reasonable certainty.
Section 55 of the charter provides for the appointment of
the park commissioners by the judges of the district court
of the judicial district in which the city is situated. A
recent decision of this court holds this section of the char-
ter unconstitutional, and that the appointing power rests
in the mayor and council under another section of the
charter. *State v. Neble,* 82 Neb. 267. The designation of
lands in question as desirable for park purposes came
from a park board appointed by the mayor and council of
the city, and the plaintiffs contend that the charter con-
templates that the initial steps to be taken in the appro-
priation of land for park purposes shall be taken only by
a park board appointed by the judges, and that a park
board appointed by the mayor and council has no author-
ity in that regard. In other words, it is argued that as
the designation of lands desirable for park purposes must
come from the park board, and as section 55 provides that

the park board shall be appointed by the judges of the district court, a park board appointed by the mayor and council has no power to select and designate such lands, and the city no power to initiate steps for their condemnation. We do not think that the charter should receive so narrow a construction. In the case of *State v. Neble, supra,* we held that under another provision of the charter the mayor and council were authorized to appoint the members of the park board. It was the undoubted intention of the legislature that the members of that board should be selected and appointed by legal authority, and that, when so appointed, it should exercise every duty devolving on it by the charter. If, as seems to be the case, the legislature endeavored to place the appointing power in the judges of the district court and exceeded its constitutional power in so doing, but by another section of the charter granted full power, as it might, to the mayor and council to make such appointments, the park board appointed by the mayor and council is the legal board, and its proceedings, when acting within the power conferred by the charter, cannot be questioned.

We recommend an affirmance of the judgment.

EPPERSON, GOOD and CALKINS, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.